PIENDRY, Judge.
The appellant, Stanley Licht, seeks reversal of a judgment of conviction entered in the Criminal Court of Record for Dade County pursuant to a jury verdict finding him guilty of the crime of buying, receiving or aiding in the concealment of stolen property. A sentence of two years confinement in the State Penitentiary followed.
The record shows that the appellant was a police officer of the City of North Miami Beach in September, 1961 at the time he was arrested and charged with receiving or concealing two stolen suitcases. The suitcases were received from one Ronnie Yalsh, who was known by the appellant to be a thief. Yalsh was arrested and upon being interrogated by officers of the North Miami Beach Police Department and the Sheriff’s Department of Dade County, he implicated Stanley Licht, the appellant. Two police .officers of North Miami Beach went to the appellant’s home in North Miami Beach .and questioned him about a television set. He was then placed under arrest and taken to the North Miami Beach Police Station where the questioning was resumed. As a •result of such questioning the appellant admitted that he had received two suitcases from Yalsh which he said he had bought from Yalsh for $10.00. The appellant then took the officers to his home and got the suitcases from his closet and gave them to the officers.
Six assignments of error were filed on behalf of the appellant. The only one which we shall discuss, and the one upon which we must reverse the judgment of the trial court, is assignment No. 3 which recited that the court erred in allowing the witness for the State, Ex-Officer Storch, to testify that he and the appellant had committed a petit larceny some time during the year 1960 or 1961.
It is the appellant’s contention that such alleged crime had no relevance to the crime charged, and did not fall within the exception to the general rule that proof of other crimes is inadmissible unless it proves (1) motive, (2) identity, or (3) scheme or design.
The record shows that the State called as a witness Albert Storch, who had been a North Miami Beach Patrolman from about December, 1960 to December, 1961. Over the objection of the appellant, Storch testified he found a door open at a hardware store known as Nails ’n Pails in North Miami Beach. He then called Stanley Licht, senior officer in charge of the shift who came to the scene. Objections were made to the relevancy of the testimony and the court reserved ruling on the objections. The prosecutor maintained he laid a predicate for the question when the defendant was on the witness stand and was asked in cross-examination if he had recalled being in Nails ’n Pails with Mr. Storch and his reply was that he did not remember. Thereupon the court permitted the questioning to continue. The witness went on to testify he and the appellant took some drills and paint brushes from the premises and made no report concerning the incident. An attempt was then made to have the witness recall something about an entry at the *297 Flamingo warehouse. The appellant again objected to the testimony and moved for a mistrial on the ground that it was error for the court to allow the jury to hear this and other prejudicial testimony concerning other alleged crimes. The court instructed the jury to disregard the testimony. Notwithstanding the trial judge’s admonition to the jury to disregard his testimony, the record shows that the prosecuting attorney in his summation to the jury stated:
“And then we have the testimony of Al Storch who told you that no charges [were] placed against him or Stanley Licht for the petit larceny committed in Nails ’n Pails. He told you, ‘neither Licht or myself was charged with petit larceny as a result of the Nails ’n Pails’. No official charge was placed against them, that it what he means.”
Objection to the remarks were made and overruled.
Viewing this testimony in the light of the case of Talley v. State, 160 Fla. 593, 36 So.2d 201, it is apparent that this testimony was prejudicial and inadmissible.[1] In this case our Supreme Court said on page 204:
“It is well established law that in a prosecution for a particular crime, evidence which in any manner shows or tends to show the accused has committed another crime wholly independent of that for which he is on trial, even though it is a crime of some other sort, is irrelevant and inadmissible. Coston v. State, 139 Fla. 250, 190 So. 520, and similar cases. * * *
“The authorities recognized a well established exception to the rule enunciated in Coston v. State, supra, but point out that evidence tending to show the commission of other crimes requires ar-elóse scrutiny into its relevancy.Whether it tends to exculpate or con--vict, if it is relevant, it must bear á certain relation to the crime charged so as to connect the two either as parts of one transaction, explains or defines the character of the act charged as to motive or intention with which the act charged was committed, then the evidence is admissible. Any evidence tending to throw light upon the character of the act under investigation is admissible, such as motive, intent, absence of mistake, a common scheme embracing the commission of two or more crimes so related to each other that the proof of one tends to establish the other and identify the person charged with the commission of the crime on trial.”
The admission of such testimony was substantial error which inescapably produced a harmful result. This is so because there is no way to know what effect or influence that damaging evidence may have had on the conclusion reached by the jury. Weiss v. State, Fla.App.1960, 124 So.2d 528.
Since we must reverse and remand the case for a new trial on the assignment of error which we have discussed, we feel that it is unnecessary for us to discuss separately the other assignments of error based upon admission of testimony of other alleged crimes. We think enough has been said herein to indicate the character of that testimony which should not have been admitted.
For the reasons stated the judgment appealed from is reversed and the cause remanded for a new trial.
Reversed.

. See also Williams v. State, Fla.1959,110 So.2d 654.