206 So.2d 5 (1968)
Charles C. HAWKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 36117.
Supreme Court of Florida.
January 17, 1968.
I.C. Smith, West Palm Beach, for appellant.
Earl Faircloth, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
ROBERTS, Justice.
We here review on direct appeal a verdict and judgment in which appellant Hawkins was convicted of first degree murder without recommendation to mercy and the death sentence imposed.
*6 On February 3rd, 1966, Charles C. Hawkins, Clifford Howard, Billy James Whitworth and Riley "Red" Porter went from a bar in Pahokee, Florida, to the Baskin Labor Camp west of Delray Beach, and then to Fort Lauderdale. They were travelling in an automobile operated by appellant. After staying in Fort Lauderdale until approximately six o'clock in the afternoon they returned to the labor camp, and subsequently went to Lantana Road and Military Trail west of the town of Lantana, at which intersection there was located the Firebrand Service Station. The automobile pulled into the station and the occupants ordered two dollars worth of gasoline. As the attendant opened his cash register he was killed by a shotgun blast in his neck and lower face. The evidence is in conflict as to who did the actual shooting but the jury determined that appellant Hawkins was the guilty one.
Testimony developed that within a period of eight days four very similar and almost identical robberies were perpetrated with three resulting in the death of the filling station attendant from a shotgun blast administered in approximately the same area of the body. A comparable felony murder was committed in Polk County on February 2nd, 1966; in Palm Beach on February 3rd, 1966; in Marion County on February 5th, 1966; and the robbery of a Super Par station in Palm Beach County on February 10th, 1966, but in the last crime the service station attendant, one Robert S. Eller, escaped with his life and was able to positively identify appellant as one of the two men who robbed him. Witness, Robert E. Wright, testified that appellant Hawkins shot and killed the attendant in the Polk County robbery on February 2nd, and defendant, Billy James Whitworth, testified that appellant shot and killed the attendant when robbing the station in Marion County, Florida, on February 5th. In each instance it was a service station attendant who was robbed and in three cases murdered; the weapon used in each instance was a shotgun; and appellant was involved in all four crimes. The testimony was abundantly sufficient to sustain the verdict of murder in the first degree.
Appellant contends that the trial court committed error in denying his motion for a change of venue; and in permitting the state to go too far in introducing testimony about other crimes, so that the inquiry transcended the bounds of relevancy to the charge being tried; and in admitting in evidence certain photographs and other paraphernalia.
The contention that it was error for the trial court to deny appellant's motion for change of venue is without merit. It has been uniformly held that motions for change of venue are addressed to the sound discretion of the trial court and that refusal will not be held error unless it appears that the court acted unfairly and committed palpable abuses of discretion. See Haddock v. State, 141 Fla. 132, 192 So. 802, in which this court said:
"It is well settled law in Florida that an application for a change of venue is addressed to the sound discretion of the court, and its rulings refusing the change will not be disturbed unless it appears from the facts presented that the court acted unfairly and was guilty of a palpable abuse of discretion. The decisions of this Court hold that an application for change of venue is addressed largely to the discretion of the trial courts. See Hysler v. State, 132 Fla. 209, 181 So. 354; Jeffcoat v. State, 103 Fla. 466, 138 So. 385; Folks v. State, 85 Fla. 238, 95 So. 619; Pennington v. State, 91 Fla. 446, 107 So. 331; Chisolm v. State, 74 Fla. 50, 76 So. 329; Robertson v. State, 64 Fla. 437, 60 So. 118; Singleton v. State, 38 Fla. 297, 21 So. 21, 34 L.R.A. 251, 56 Am.St.Rep. 177; Adams v. State, 28 Fla. 511, 10 So. 106."
No showing has been made that the court failed to act with caution and prudence or without recognizing the natural apprehension of appellant. This is buttressed by *7 the fact that the jury was selected in less than three hours and the appellant did not exhaust all of his peremptory challenges prior to acceptance of the jury. See Chisolm v. State, 74 Fla. 50, 76 So. 329, and Haddock v. State, supra. In reaching this conclusion we have not overlooked Singer v. State, Fla., 109 So.2d 7, and cases therein cited, and it is our opinion, and we so hold, that, measured against the rules announced in the cases above cited, the trial judge acted within the orbit of his discretion in denying a motion for change of venue, and that no error occurred.
Appellant contends that reversible error was committed when the state was allowed to detail testimony of other crimes and to introduce photographs of such crimes. We have carefully examined the testimony adduced and the photographs submitted and find that the trial judge closely observed the procedures, questioned the attorneys for both the state and appellant, and then allowed the testimony regarding multiple crimes, stating in defense of his ruling, "He shows a similar plan and a scheme, a modus operandi." An exhibit shows a body in a filling station rest room; others depict bodies similarly assaulted lying within the filling stations; and there are several scenes of the various filling stations that were robbed. It is our view that the prosecution was properly attempting to prove the commission by appellant of similar or related crimes. In this connection the instruction given by the trial judge is noteworthy:
"Now, there has been permitted to go before you in the trial of this certain evidence showing or tending to show, if you find such evidence to be true, that the defendant committed certain acts against and upon other service station attendants or owners other than Lonnie Hitt, victim named in the indictment in this case.
"The defendant is not charged in this case with the commission of any act or offense against or upon any person or persons other than the said victim Lonnie Hitt, and it is upon the charge that he killed the said Lonnie Hitt as set forth in the indictment in this case, and upon such charge alone, that you are sworn to try this defendant.
"Such evidence with respect to this defendant and other service station attendants and owners, if you believe such evidence to be true, must be considered by you only upon the question of the defendant's identity, identity of weapon, his plan or design if you find from the evidence that he had a plan or design, or his mode of operating.

"The Court instructs you that you must consider all of the evidence in this case solely in connection with the charge on which the defendant is being tried, and no other."
(Italics supplied.)
The guidelines relating to the admissibility of evidence of other similar or related crimes are clearly set forth in Williams v. State, Fla., 110 So.2d 654, and it would serve no useful purpose to repeat them here. The question was considered again in another Williams v. State, Fla., 117 So.2d 473, which resulted in a reversal because the subsequent crime there was not sufficiently related to the crime involved in the trial. We have carefully examined the evidence of the additional crimes referred to here and have considered their admissibility against the guidelines in Williams v. State, Fla., 110 So.2d 654, as limited by the other case of Williams v. State, Fla., 117 So.2d 473, and we find and we hold, as the trial judge did, that the evidence was admissible and no error was committed in its admission. It is clear that here the evidence of the other crimes committed in the same general area, all within a space of eight days, were relevant to material facts and issues here; that is, the pattern, motive and intent of appellant in accosting filling station attendants, planning to rob each of them, and killing them *8 with a shotgun blast in the neck or lower face. See Mackiewicz v. State, Fla., 114 So.2d 684.
We reach the third question presented as to the admissibility in evidence of certain state's exhibits comprised mostly of photographs and also a gun and some shells. The law relating to the admissibility of photographs is well stated in Wilkins v. State, Fla., 155 So.2d 129, and the cases therein cited, with particular reference to Mardoff v. State, 143 Fla. 64, 196 So. 625. As stated in the Mardoff case,
"We close our discussion of the correctness of the court's action in admitting the pictures with the observation that the defendant could not complain because of this shocking nature when the horrible scene disclosed was one which he, himself, created."
Hawkins in this case denied that he was the one who actually did the shooting and the prosecution in rebuttal offered the pictures pertaining to the other crimes to show a similarity of plan and purpose. In view of defendant's testimony and denial of the shooting the State's case would have been weakened without the rebuttal evidence. This court is committed to the admission of evidence of other crimes where such crimes are relevant. See Williams v. State, Fla., 110 So.2d 654.
Ordinarily, we would not approve the introduction of photographs of the dead victims of the other crimes, but where, as here, the photographs prove a fixed pattern, plan and scheme of multiple assassinations tied to the defendant by eye-witnesses, they are admissible.
We have also carefully examined all the exhibits and measured their admissibility against the rules announced in Wilkins and Mardoff, supra, and find that no error was committed in admission of the evidence.
In accordance with the command of Florida Statute § 924.32(2), F.S.A. we have reviewed the evidence to determine if the interests of judgment require a new trial, and after full consideration of all the evidence and having disposed of the questions of law, it is our view that appellant was properly indicted and convicted of murder in the first degree without recommendation to mercy, that he had a trial free of harmful error, that the evidence abundantly supports the verdict, and that the penalty is as prescribed by law, so the judgment of the lower court is
Affirmed.
CALDWELL, C.J., and ADAMS, J., and SPECTOR, District Court Judge, concur.
THORNAL, J., dissents with opinion.
DREW and ERVIN, JJ., dissent and concur with THORNAL, J.
THORNAL, Justice (dissenting).
I do not agree to affirmance of the conviction of this appellant, despite my feeling that he is guilty of a heinous crime. I have the view that relevant similar fact evidence is admissible, even though it would tend to prove the commission of another crime. Williams v. State, Fla., 110 So.2d 654. However, it is only relevant evidence that is admissible. The rule does not permit the state to elevate a collateral crime to the position of the main act in the drama, in order to establish guilt of the crime in issue. Williams v. State, Fla., 117 So.2d 473. It is further my view, that the bulk of the similar fact evidence offered on rebuttal was relevant to the appellant's denial of his complicity in the actual handling of the gun that produced the death of Mr. Hitt, the filling station attendant in the crime in issue. It is relevant because it tends to establish the method of operation employed by this appellant in executing the crime before the court. I do not agree that the nauseous pictures of dead bodies of other victims were relevant to the crime for which this appellant now stands convicted. They portray totally unrelated *9 scenes of the victims of other crimes, and so far as I can see have no relevancy whatever to the issues before the jury in the case at bar. Mardoff v. State, 143 Fla. 64, 196 So. 625.
I respectfully dissent.
DREW and ERVIN, JJ., concur.