ON MOTION FOR APPOINTMENT OF APPEAL COUNSEL IN POST-CONVICTION PROCEEDINGS
SPECTOR, Judge.
Charlie C. Hawkins, appellant, has moved this court for the appointment of an attorney to represent him in his appeal from an order denying his motion to vacate judgment and sentence filed pursuant to Criminal Procedure Rule 1.850 in the Circuit Court for Marion County. The judgment and sentence which he sought to have vacated by his motion below was rendered in Case No. 2323-A in the Circuit Court.
In State v. Herzig, Fla., 208 So.2d 619, it was held that a movant in post-conviction proceedings was not entitled to appointment of counsel on appeal in such proceedings as distinguished from his entitlement to an appellate attorney in a case involving a direct appeal from a judgment of conviction. In the latter class of cases, that is, direct appeal from judgment of *199 conviction itself, the United States Supreme Court held in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, that appointment of counsel to represent an indigent defendant in his initial and direct appeal is a right guaranteed under the Sixth Amendment of the United States Constitution where the right to such appeal is provided for all, as is the case in Florida. That holding, of course, was but an extension of that body’s earlier enactment in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). As a result of Gideon and Douglas, supra, all of the states have been required to provide counsel at trial, including all critical stages leading thereto and for an initial direct appeal, at a not insignificant expenditure of public funds, reportedly near three million dollars for the ensuing biennium.
However, so far as we have been able to determine, the United States Supreme Court has not, as yet, required appointed counsel at public expense for incarcerated persons in post-conviction proceedings such as the one presently before us and in similar post-conviction habeas corpus proceedings. We think it well that restraint has •been exercised by the United States Supreme Court in not requiring appointed counsel in all post-conviction proceedings, for judging the matter on the basis of the flood of such proceedings which we have had, the burden upon the taxpayers would be intolerably burdensome, hastening the day when they might look elsewhere than to the courts for protection of their lives and property.
Although we have not been required to appoint counsel in post-conviction proceedings, we nonetheless have from time to time appointed counsel in post-conviction proceedings, both for trial and appeal, where it has been made to appear from the nature of the case that there .are issues in a case which are meritorious, and in the interest of justice require that the prisoner be provided with counsel. Thus the matter may be determined in an adversary proceeding in which both sides, the prisoner who may have been wronged on the one hand, and the people whom the prisoner had been found to have wronged on the other, may litigate the issues in accordance with the principles of fair trial and due process.
There is little on the face of the record before us based on which it can be determined that the circumstances surrounding appellant’s conviction are such as to give rise to meritorious questions which require appointment of counsel. All that appears on the face of the papers in appellant’s file which might serve as a guide is the case number in the trial court. Beginning at that point and pursuing the matter further, we are led to an opinion of the Florida Supreme Court reported in 199 So.2d 276, reflecting that the conviction which appellant now seeks to have vacated is on a charge of first-degree murder. The murder conviction was appealed and the death sentence imposed was affirmed. Moreover, further research reflects that the same appellant was convicted of committing still another first-degree murder, the affirmance of which by the Supreme Court is reported at 206 So.2d 5. The opinion in the latter Hawkins case indicates that there is evidence that the appellant here was involved in a series of similar escapades which culminated in the brutal slaying of defenseless service station attendants whose lot in life was such that they were forced to risk their lives by accepting employment as nighttime service station attendants or managers, a very dangerous occupation in this day and time.
So it is then that the sentence which appellant seeks to have vacated is a death sentence imposed upon him by the court below as to which the Supreme Court has already stated, at 199 So.2d 280:
“* * * The defendant committed a heinous crime, was duly indicted, had a fair trial free from harmful error, and the penalty is as provided by law.”
*200 The other death penalty imposed upon conviction in the second case reported at 206 So.2d 5 also awaits execution. And it seems that these sentences, along with all of the other death sentences which have been imposed by courts throughout the State, after guilty verdicts were rendered by juries without mercy recommendations have not been carried out — notwithstanding that each has been affirmed by our Supreme Court on appeal and culminated in decisions holding that the defendants had committed the heinous offenses charged to them, were duly indicted, had a fair trial free from harmful error, and that the penalty was as provided by law. Each of these sentences are encompassed by and subject to a restraining order entered by Federal District Judge William A. McRae, Jr., in Adderly et al. v. Wainwright, D.C., 272 F.Supp. 530, 1967, by the terms of which the State has been restrained from carrying out the death sentences duly imposed under Florida law. There is no indication how much longer said federal court order will be permitted to stand by the State’s legal representatives before its legality is conclusively determined in the federal appellate courts so that the people of this state can know what the law is in such cases. Until that question is disposed of, there is uncertainty as to this court’s authority [a matter which we do not now decide] to review the legality of a sentence undergoing the constitutional scrutiny of the federal courts albeit on other grounds.
Pursuant to the standard for determining whether counsel will be appointed to represent indigent prisoners on appeal in these postconviction proceedings whereunder it must be demonstrated that such proceeding has merit, at least arguably so, we have examined the record before us at this time in the instant action, as well as the reported cases involving the appellant as cited hereinbefore. Such examination fails to indicate that appointment of public paid counsel is warranted in this post-conviction proceeding.
Accordingly, appellant’s motion for appointment of counsel to represent him in this appeal is denied.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.