WALDEN, Judge.
Defendant was tried by jury, convicted of second degree murder, and duly sentenced. He appeals. We reverse.
The victim was the two year old stepdaughter of the defendant. It is sufficient to say without particular detail that there was circumstantial and direct evidence of cruelty and abuse on the part of defendant, some conflicting, which lead to the victim’s death. It came as a direct result of a head or brain injury, subdural hematoma. It was caused either by a blunt instrument or by the body’s being in motion and striking some flat surface.
We address ourselves to the appellant’s principal grievance. He claims that the trial court erred by allowing into evidence testimony and pictures concerning a crime other than the one with which appellant was charged.
Dr. Joseph C. Rupp, a County Medical Examiner and pathologist, conducted an autopsy. The examiner, using a number *926 of 8 x 10 photographs of the brain and head area taken during autopsy, explained and demonstrated the cause of death. He then produced, over objection, two photographs of the dead child’s genitalia and anal area before the jury and testified:
“Now, one of the examinations, of course, involves the genitalia area. In this particular case, the remarkable feature was the size of the anal opening in this child. You will notice my fingers there spreading the folds, and you can judge from the size of my fingers and the size of the opening as to the diameter and, in actual measurements, this was two centimeters which is about that wide just by itself, and could easily be stretched to the diameter of that width.
“Now, you will also notice that at the margin there is a little whitening here, which is suggestive of what we call epithelium, and as the surface is abraised —in common terms we would say a callus form on a mucosal surface which — actually, what this is is the inside part of the skin here at this margin where the bowel joins the skin. If this area is abraded often enough, we get what could be considered to be a small callus type thing forming. Now, the chances, as far as my opinion as a medical expert, this is suggestive that this has happened in this particular case, and as far as the size of this is concerned, it is my opinion as a medical expert that the only way the anas of that size could be produced would be by repeated buggery. By buggery, we mean sexual intercourse per rectum. This simply is a black and white picture showing the legs here, and the anas here, and this is the female genitalia here.”
It is clear and undisputed that acts of buggery were not shown to have been committed by the defendant and he was not connected to such acts in any way. Further, the fact of buggery was in nowise associated or connected with the cause of the child’s death and Dr. Rupp' testified that neither of these two pictures was needed to explain the cause of death. We feel that allowance of these pictures and this testimony deprived the defendant of a fair trial because they were immaterial, inflammatory, and highly prejudicial, s
The state frankly concedes that no link was established between the defendant and such criminal sexual abuse. Thereby, it is the state’s hypothesis that the error was harmless. We disagree and can hardly think of a more damaging error. This testimony, coming on the heels of the other proper testimony concerning the tragic circumstances of the death of this helpless infant, could not help but lead to implications — not legally established — that the defendant was responsible for this reprehensible criminal conduct.
In Norris v. State, Fla.App. 1964, 158 So.2d 803, the defendant was accused of killing a person by poisoning. Evidence was admitted of the death of defendant’s husband and employee by poisoning; however, there was nothing connecting defendant to the crime. In reviewing for a new trial the court said:
“Where the evidence is offered to show a similar plan, scheme or design, the same must be shown in connection with the offense for which the defendant is on trial, and it must also be shown that the same or a substantially similar plan, scheme or design occurs as an incident to the collateral offense with which the defendant is likewise connected.”
This court quotes from a Tennessee case which made the rule clearer:
“Without going so far as to hold, with some of the Courts, that the proof of the independent crime must be ‘beyond a reasonable doubt,’ we approve the rule that, to render evidence of an independent crime admissible, the proof of its commission, and of the connection of the accused on trial therewith, must be not ‘vague and uncertain,’ but clear and convincing. Obviously, an absolute es *927 sential is that (1) a former crime has been committed, and (2) committed by the identical person on trial. Only thus can identification, or other proof of guilt, of the accused in the pending case be aided by evidence of the independent crime. And this limitation upon admissibility apples equally to all the exceptions to the general rule excluding evidence of other crimes, whether introduced to prove identity, or for any other purpose.” '
Wrather v. State, 1943, 179 Tenn. 666, 169 S.W.2d 854.
Certiorari was discharged in State v. Norris, Fla. 1964, 168 So.2d 541. In Williams v. State, Fla.1962, 143 So.2d 484, it was held that where a crime was not sufficiently connected by relevant evidence to the defendent its admission would require a reversal.
Evidence of the commission of other crimes may be admissible if relevant in a criminal prosecution. Williams v. State, Fla. 1959, 110 So.2d 654. Illustrative instances of admissibility of evidence of similar crimes would be when such evidence proves identity, Licht v. State, Fla.App. 1963, 148 So.2d 295; when such evidence proves motive, pattern or intent, Mackiewicz v. State, Fla. 1959, 114 So.2d 684; when such evidence shows a common scheme or design, Talley v. State, 1948, 160 Fla. 593, 36 So.2d 201; when such evidence shows knowledge of guilt, Reddish v. State, Fla. 1964, 167 So.2d 858; when evidence of similar crimes contradicts a defense of accident, mistake or inadvertence, Andrews v. State, Fla.App. 1965, 172 So.2d 505. Even if it be assumed that it was established that defendant was responsible for criminal acts of buggery upon the victim, such evidence is not admissible because it does not meet the test of relevancy. Futhermore, the photographs showing the child’s anus and genitalia region were not relevant to show the cause of death or to help explain the injuries causing death or clarify any issue. Blake v. State, Fla. 1963, 156 So.2d 511; Lindberg v. State, 1938, 134 Fla. 786, 184 So. 662. Where photographs are irrelevant and their only purpose for admission would be to influence and prejudice the jury, it is error to admit them. Dyken v. State, Fla. 1956, 89 So.2d 866.
We hold in sum that the allowance of testimony and photographs depicting criminal acts of buggery upon a child of tender years which were in nowise connected to the defendant, the crime charged or the trial issues constituted reversible error. We feel that such testimony by its nature and propensity could not help but prejudice the defendant’s case and inflame the jury.
The conviction is reversed and the case remanded for a new trial.
Reversed.
McCAIN and OWEN, JJ., concur.