PIERCE, Judge.
Appellant Stanley Headrick appeals to this Court from a judgment of conviction entered against him by the Hillsborough County Criminal Court of Record pursuant to a jury verdict finding him guilty of *204 breaking and entering a business building with intent to commit grand larceny, and grand larceny itself.
Headrick’s guilt was abundantly proved at the trial. On December 20, 1967, a building occupied by the Bi-Rite Appliance Store on West Kennedy Boulevard in Tampa was burglarized and about twelve televisions sets stolen and removed from the premises. One Richards, accomplice in the burglary, testifying as a State witness, stated that Headrick, Headrick’s wife, and Richards drove in two cars to the Bi-Rite building and he narrated in detail concerning the burglary and theft. A Mr. and Mrs. Perry each testified that at about 3 o’clock in the morning that same night the same three people came to the Perry home on Huntley Avenue in Tampa “and unloaded” twelve colored television sets and stored them in Perry’s “utility room”; that from time to time thereafter these T.V. sets were disposed of by sale to various people for cash. A local police officer, one Cloud, testified that he conducted the investigation of the burglary and recovered several of the color T.V. sets which upon examination bore the same serial numbers as those stolen from Bi-Rite. He related his conversations with Richards, wherein Richards fully described all details of the burglary.
At this point in the presentation of the State’s case several witnesses were produced, nine in number, who gave testimony, first in the absence of the jury and then later in presence of the jury, to prove thefts of numerous color T.V. sets stolen in burglaries of six different business places in or near Tampa engaged in the business of T.V. sales. Included among these witnesses were Richards and Perry who narrated in detail their part in such burglaries, Richards aiding and abetting Head-rick in the burglaries proper, and Perry allowing his home to be used as the warehouse or “the drop”, as known in the vernacular. Testimony as to these extraneous thefts and transactions, it was contended by the State, was admissible under the so-called Williams rule (Williams v. State, Fla.1959, 110 So.2d 654). The defense argued that the evidence was not admissible under the Williams rule because it covered so many different and separate transactions that it transcended the “similar fact” criteria and made the evidence of the six extraneous burglaries “a feature instead of an incident”; i. e., “the evidence constitute]^] by its excessive volume an effort on the part of the State to point up the bad character of the accused or his criminal propensities”, and should therefore have been excluded. The trial Judge overruled such objection and the evidence went in. The jury convicted, the Court adjudicated guilt, and sentence was imposed to a term in the State Prison. Headrick appeals to this Court and argues only that the trial Court was in error in admitting the evidence of the six extraneous burglaries. We affirm.
The so-called Williams rule, to use the language of the Supreme Court, “simply is that evidence of any facts relevant to a material fact in issue except where the sole relevance is character or propensity of the accused is admissible unless precluded by some specific exception or rule of exclusion”. Gauged by this standard, the challenged evidence in the case sub judice was admissible. The evidence indicated that all the burglaries were committed by the same people; that the stolen articles were mostly, if not all, colored T.V. sets; that they were all “warehoused” at the same place; that all the burglaries occurred within a contemporary time limit (two in November, 1967; one in December, 1967; one in January, 1968; and two in March, 1968); that all the robberies were reasonably within the same accessible area geographically (four in Tampa; one in St. Petersburg; and one in Gainesville, Florida) ; and that the same general pattern or modus operandi existed in the extraneous burglaries as was present in the instant burglary. Thus, the test of relevancy was met because it tended to show “plan, scheme or design” even though suggesting *205 the commission of independent crimes. In other words, to again use the language of Williams “such testimony revealed a criminal course that the defendant was following and reflected a pattern of operation corresponding to that employed in the case then at bar”. See Hawkins v. State, Fla.1968, 206 So.2d 5; Bogan v. State, Fla.App.1969, 226 So.2d 110; Saxon v. State, Fla.App.1969, 225 So.2d 925; Reed v. State, Fla.App.1969, 224 So.2d 364; Tafero v. State, Fla.App.1969, 223 So.2d 564.
This is not to say that by our holding here we mean to lay down an abstract concept that in all cases similar fact evidence is admissible, merely because it has some degree of relevancy, however slight, to the facts in issue being tried. If the asserted relevance is illusory, fancied, sup-posititious, or unsubstantial, the extraneous evidence should not be admitted because the inherent danger to the defendant on trial before a jury is too acute to allow his fate to rest upon such a slender thread of admissibility. What this 2nd District Court has said in Green v. State, Fla.App.1966, 190 So.2d 42; Dixon v. State, Fla.App.1966, 191 So.2d 94; and Farnell v. State, Fla.App.1968, 214 So.2d 753, in line with this philosophy, is reiterated here.
The relevance to the case being tried must be clear and substantial. When it passes this test, the evidence must be permitted, even though it tends to show the commission of another or other criminal offenses. Other appellate Courts follow this view. Franklin v. State, Fla.App.1969, 229 So.2d 892; Parnell v. State, Fla.App.1969, 218 So.2d 535; James Williams v. State, Fla.1962, 143 So.2d 484; Licht v. State, Fla.App.1963, 148 So.2d 295; San Fratello v. State, Fla.App.1963, 154 So.2d 327; Norris v. State, Fla.App.1963, 158 So.2d 803.
Appellant Headrick not having clearly demonstrated error here in the admission of evidence as to the extraneous burglaries, and that being the only question urged before this Court, the judgment appealed must be and is—
Affirmed.
LILES, A. C. J., and McNULTY, J., concur.