JOHNSON, Judge.
This is an appeal from a conviction, pursuant to a jury verdict, and a sentence of five years therefor.
*442 A person by the name of Janice Harvey had been prosecuted by the State and convicted of aggravated assault. The appellant herein was a spectator during the latter portion of the trial of Janice Harvey. At a subsequent hearing upon a motion for a new trial by Janice Harvey, the appellant testified in favor of such motion by testifying that she, the appellant, saw Eugene T. Whitworth, an Assistant State Attorney for the Eighth Judicial Circuit, enter the room in which the jury was at that time deliberating. This was the crux of the amended motion for new trial.
The Public Defender’s Office of the Eighth Judicial Circuit for Alachua County, filed the supplemental motion for new trial in the Harvey case, supra, in which the Public Defender alleges that five of the six jurors in the Harvey case had executed affidavits refuting the allegations of the appellant herein with regard to her seeing Mr. Whitworth going into the jury room, and that the Public Defender did not believe the statement of the appellant, but did move the court to allow the motion to be amended to include charge about Whitworth, and suggesting that a hearing be held to determine the truth of the allegation made in the affidavit of the said appellant. It was after said hearing was held, that the information against appellant in this case was filed.
The appellant has assigned many errors, which are consolidated in five points on appeal. We will treat the points as they appear in the brief, with further consolidation as we deem proper.
It appears to us that the overriding theory of the State’s case was coupling the actions of one Mrs. Connie Canney in her attempts to suborn perjury in the Harvey trial, and the influence of Mrs. Canney on the appellant thereby theorizing that the appellant, at the probable suggestion of Mrs. Canney, had committed perjury in her attempt to help Mrs. Canney to help Mrs. Canney’s friend, Janice Harvey. The appellant assigns as error the admission into evidence of the alleged attempts of subornation of perjury by Mrs. Canney committed in the Harvey trial, as being irrelevant and also as hearsay. We do not agree with appellant. Keeping in mind the State’s theory, we do not consider the evidence of the collateral crimes committed by a third person, in this case, Mrs. Canney, to be either hearsay nor prejudicial in that the purpose was not to further prosecute such third person, but to show this third person’s connection between her alleged illegal acts and her influence upon the otherwise innocent victim, as the appellant was, prior to the coming under the influence of Mrs. Canney. Therefore, we do not find the trial court in error in this regard, but the evidence was relevant.
Point two is whether or not the trial court erred in denying the defendant’s requested jury instruction on the question of inadvertence or mistake. It was never the theory of the appellant’s defense that she was mistaken or that an inadvertent error of judgment was made. She maintained consistently that she saw the Assistant State’s Attorney go into the jury room while the jury was deliberating. Under such evidence, it would have been error had the court given such instruction.
Appellant objected to the court admitting the testimony of certain witnesses whose names had not been submitted to the defendant, although a motion therefor had been made. This brings to play, Florida Rules of Criminal Procedure Rule 1.-220(d), 33 F.S.A., which provides, inter alia, that “. . . upon motion of the defendant the court shall order the prosecuting attorney to furnish the names and addresses of such witnesses” on whose evidence the information is based. The motion as filed by the defendant-appellant was in two requests as follows :
“(a) The names and addresses of the witnesses on whose evidence the information filed in the captioned case is based.
*443 “(b) The names and addresses of all witnesses whom the state expects to call as its witnesses at the trial.”
The first request of said motion (a) supra, tracked Rule 1.220(d), Florida Rules of Criminal Procedure, substantially, and was granted in paragraph 4 of the Order of April 30th, wherein the Order said:
“4. The MOTION FOR A WITNESS LIST be and the same is hereby granted and the State shall produce the names and addresses of the witnesses upon whose testimony the Information filed herein is based within a sufficient period of time prior to the trial of this case to enable the Defendant to use such information in whatever manner it may be deemed advisable.”
From a reading of said Order, it is clear that the trial court limited his order requiring the prosecution to produce the names and addresses of the witness upon whose testimony the Information filed therein was based. It did not direct the prosecuting attorney to give the other witnesses whom the State expected to call. Rule 1.220(e), Florida Rules of Criminal Procedure, provides for the exchange of witnesses, which was not asked for or complied with by the defendant. The trial court did not inadvertently fail to order the prosecuting attorney to comply with said Rule 1.220(e) as was substantiated by a question by the court to defendant’s counsel, when objection by said counsel was made and the court asked the counsel:
“The Court: Did you file a notice of a list of all your witnesses ?
“Mr. Wilson: I made no offer to exchange, your Honor.”
The appellant could have invoked said rule by complying therewith, but did not, therefore no error was committed by admitting testimony of new witnesses whose names were not the ones upon whom the information was based. We do not think Rule 1.-220(g) applies under the circumstances of this case as to the witnesses whose names had not been furnished the defendant, inasmuch as the defendant had failed to take advantage of Rule 1.220(e).
We do not see any merit in points four and five other than indirectly treated here-inabove in dealing with the other points on appeal.
Having determined that the trial court was not in error, the judgment and sentence appealed from are hereby affirmed.
WIGGINTON, J., concurs.
RAWLS, Acting C. J., dissents.