WALDEN, Judge
(dissenting).
Appellant was informed against, tried and convicted of the crime of uttering one forged check. At trial the prosecution, over objection, introduced into evidence three other different allegedly forged checks. This is the grievance. Appellant’s only connection to these additional checks was the fact that his fingerprints were on them. There was no evidence that these checks had been uttered and no evidence or inference whatever that defendant forged them or uttered them or did anything else in point of space or time except touch them sufficient to imprint his finger impressions. It is not known if he touched them prior to execution, after presentment, criminally, or otherwise, or any other circumstance.
The state relies upon the Williams Rule, stated in Williams v. State, Fla.1959, 110 So.2d 654, as thd-'correct entrée and support for the admission of the extra checks. Its provisions are well known and will not be again plumbed here. Suffice it to say that this writer is of the opinion that the increasing liberality with which it is applied has long since caused its proper and legtimiate purpose to be subverted. As I see it, its abuse seriously undermines the rights of the accused. The Rule should be reviewed and careful and specific limits installed. When the prosecution places before the jury altogether unrelated, remote and unestablished criminal acts, or suspicious of same, such conduct seriously prejudices the defendant’s right to a fair trial. For like concern see Simmons v. Wainwright, Fla.App.1973, 271 So.2d 464; Machara v. State, Fla.App.1973, 272 So. *300 2d 870; dissent in Hirsch v. State, Fla.App.1972, 268 So.2d 441; dissent in Clark v. State, Fla.App.1972, 266 So.2d 687; dissent in Nathey v. State, First District Court of Appeal, Florida, 275 So.2d 589, Opinion filed April 10, 1973; Licht v. State, Fla.App.1963, 148 So.2d 295; and Hooper v. State, Fla.App.1959, 115 So.2d 769.
I would reverse and remand. Further, it is my strong view that Florida should forthrightly impose explicit safeguards. For an example of such action taken, in State of Louisiana v. Prieur, Supreme Court of Louisiana, 277 So.2d 126, opinion issued February 18, 1973, the State of Louisiana judicially adopted these commendable measures :
When the State intends to offer evidence of other criminal offenses under the exceptions outlined in R.S. 15:445 and 446:
“(1) The State shall within a reasonable time before trial furnish in writing to the defendant a statement of the acts or offenses it intends to offer, describing same with the general particularity required of an indictment or information. No such notice is required as to evidence of offenses which are a part of the res gestae, or convictions dsed to impeach defendant’s testimony.
“(2) In the written statement the State shall specify the exception to the general exclusionary rule upon which it relies for the admissibility of the evidence of other acts or offenses.
“(3) Prerequisite to the admissibility of the evidence is a showing by the State that the evidence of other crimes is not merely repetitive and cumulative, is not a subterfuge for depicting the defendant’s bad character or his propensity for bad behavior, and that it serves the actual purpose for which it is offered.
“(4) When the evidence is admitted before the jury, the court, if requested by defense counsel, shall charge the jury as to the limited purpose for which the evidence is received and is to be considered.
“(5) Moreover, the final charge to the jury shall contain a charge of the limited purpose for which the evidence was received, and the court shall at this time advise the jury that the defendant cannot be convicted for any charge other than the one named in the indictment or one responsive thereto.”