## YBOR v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
March 4, 1929.

No. 5354.

Thomas Palmer, Pat Whitaker, and W. B. Dickenson, all of Tampa, Fla., for appellant.

Wm. Gober, U. S., Atty., of Tampa, Fla., and Francis L. Poor, Asst. U. S. Atty., of Jacksonville, Fla.

Before WALKER and FOSTER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. The appellant was tried in the District Court of the United States for the Southern District of Florida at Tampa for the offense of bribery under an indictment in one count, charging a single transaction, viz. the payment of $50 to W. C. Crumbley, who was then a federal prohibition agent, and was convicted and sentenced, and appeals from the judgment of conviction.

The appellant was the vice president of the Florida Brewing Company, and the alleged bribery occurred in reference to the payment of $50 by George W. Willis to Crumbley through the appellant to enable Willis to sell the brewery's beer free from molestation by federal prohibition agents as alleged by the government. The appellant admitted the payment of the money by him to Crumbley, denied that he knew it was for protection when he paid it to Crumbley for

Willis, and set up the defense of unlawful entrapment by the prohibition director.

The errors relied upon for reversal are (1) the court's refusal to direct a verdict of acquittal, (a) because the evidence of guilt was insufficient, and (b) because of unlawful entrapment; (2) the court's refusal to permit the appellant to recall the witness A. L. Allen for the purpose of laying a predicate for impeaching him by contradictory statements made by him after his examination as a government witness; (3) the admission in evidence of previous transactions to that involved in the indictment of other agents or employees of the brewery not binding on the appellant.

█ 1(a). The defendant (appellant) having admitted making the alleged payment to Crumbley, the only fact remaining to fix guilt was knowledge that it was being paid Crumbley for the protection of Willis in the business of selling the brewery's beer, unless he was unlawfully entrapped into making the payment. The evidence of the defendant in his own behalf was that Allen, the prohibition director sent for him; that he (Allen) asked him who George Willis was, and told him that Willis' wife, from whom Willis was getting a divorce, had reported to Allen that Willis was selling beer, and Allen then told defendant to get Willis to come to Allen's office, and the defendant testified that he told Allen he would do so. Defendant also testified that he afterwards saw Willis and told him that Allen wanted him to come to his office; that Willis asked defendant what Allen wanted of him; that defendant told Willis the conversation he had had with Allen, and said to Willis that he did not know; that Willis replied that he did not know whether he had any business going to see Allen, and asked defendant's advice, and that defendant advised him to go. Defendant testified that he subsequently had a talk with Willis, in which Willis told him that he had talked with Allen and asked defendant to hand Allen $50 when defendant went down town, and defendant testified that his response was "Good," that he took the money from Willis, and in a day or two took it to Allen's office, where he tendered it to Allen, who directed him to give it to Crumbley, which he did in the presence of Allen. Defendant also testified that in his first talk with Allen he believed that Allen had told him that Crumbley should get $100. The jury would have been authorized from the defendant's own evidence, the substance of which we have quoted, to infer that the defendant, when he took the money from Willis and paid it to Crumbley, knew the purpose for which it was being paid Crumbley by Willis; namely, to secure protection from the government agents in his business of selling beer. The government witnesses show more clearly that the defendant knew the purpose for which Willis was paying the money when he received it from Willis and paid it to Crumbley in Allen's office and presence. It is not necessary to set it out in detail, as we think the evidence of the defendant fully justified the jury in finding that the defendant knew that Willis was paying the $50 to secure protection from Allen in selling the brewery's beer when at Allen's request he secured Willis' consent to pay Crumbley protection. If defendant received and paid the $50 of Willis to Crumbley to secure such protection, his guilt is established, unless because of entrapment.

█ (b) If Allen, the prohibition director, induced or coerced the defendant, who was then innocent of having paid protection, to secure Willis' consent to pay protection, Willis also being innocent theretofore, this would amount to the creation of an offense by a government officer committed by an innocent person who would have remained innocent but for the unlawful solicitation of the government officer, and would constitute unlawful entrapment, and bar conviction. On the other hand, if Allen knew, or had reasonable cause for believing, that the officials of the Florida Brewing Company were already paying protection money, and that the defendant knew it, and acquiesced in it, at the time he asked him to get Willis to pay Crumbley for protection, and only gave him an opportunity to do so, and if the defendant accepted the proffered chance to secure the protection, then the entrapment was lawful, and defendant guilty in spite of it, and this would be the law, even if the suggestion of paying Crumbley was part of the existing system of protection and came from Allen and not from the defendant. The evidence of the defendant himself shows that he was not coerced by a report or otherwise by Allen into doing what he did. At most, it tends to show that he acted voluntarily after Allen's suggestion that Crumbley should be paid. He defends himself by saying, "I never did suggest to Allen or to Mr. George Willis that George Willis should pay Mr. Crumbley any money." A tendency of the evidence is to the effect that the Florida Brewing Company had been paying Allen $750 a month from August until October, and that the defendant had stated to Allen, on Allen's request for the return of a $300 check, which evidenced part of the protection payments, that he could not

return the check, but that he had already erased Allen's indorsement from the back of it. Allen testified that, though defendant had nothing to do with the "real transaction of the money," he admitted to Allen he knew about it and knew all about everything he (Allen) asked him about, which included the check, which was part payment of one month's protection. If the defendant, when he received and acted upon Allen's suggestion to solicit Willis to pay Crumbley, knew his brewery was already paying monthly protection to the government agents, he was not unlawfully entrapped by the mere suggestion of Allen that the existing system be extended to Crumbley. Whether the suggestion originated with Allen or with the defendant was itself a question for the jury, in view of the evidence in the record, which is sufficient to support the verdict.

■ 2. The refusal of the court below to allow the witness Allen to be recalled by the defendant in order to lay a predicate for impeaching him by a statement charged to have been made by him, contradictory to his sworn testimony, was a matter for the exercise of the trial court's discretion. 40 Cyc. 2571. The record fails to show any abuse of discretion, in view of the circumstances under which the alleged contradictory statement was made.

■ 3. The court permitted the government to introduce evidence of transactions testified to by its witnesses to have been had with officials of the brewery other than defendant, and in which he did not participate, but of which there is evidence tending to show he had knowledge prior to the transaction charged in the indictment, which was sufficient for the jury to find knowledge on his part. If he knew of and had acquiesced in them, before the transaction for which he was being prosecuted, then they would bind him, though he did not participate in them and was absent in Cuba when they occurred, provided they were relevant to some issue in the case. The important issues in the case were the intent and purpose of the payment to Crumbley by defendant for Willis, and his knowledge of it, and entrapment. On both of these issues, evidence that defendant's brewery had been paying protection to the government agents for months before he paid Crumbley, and that he knew it, was relevant. On the question as to whether he intended to bribe Crumbley, it was competent to show that he knew his brewery was already bribing other government agents. Defendant denied knowing the purpose of the payment. Evidence of his knowledge of previous payments

by his company was material to rebut his denial. On the issue of entrapment, the evidence of previous bribing by his brewery, known to him, to obtain protection, would reflect on the issue as to whether he was an innocent man when asked by Allen to pay Crumbley, and whether he was instigated or coerced by Allen into offering Crumbley the bribe or did it voluntarily, and in pursuance of a system of bribery, long in force, and known to him.

Finding no error in the record, the judgment of the District Court is affirmed.