GENEVA GAINER, *Plaintiff in Error*, v STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion filed July 10, 1930.

*Thomas E. Walker,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, *Roy Campbell,* Assistant, for Defendant in Error.

ANDREWS, Commissioner:

Plaintiff in error, hereinafter referred to as defendant, was tried in the Circuit Court of Jackson County upon an indictment charging her with murder in the second degree in the unlawful killing of her husband, and a verdict of manslaughter was returned by the jury upon which she was sentenced to the State prison for a period of five years. The case is here upon writ of error, and the only assignments of error presented and argued are based upon the insufficiency of the evidence to support the verdict.

It is unnecessary to enter into any extended discussion of the testimony. It appears that the defendant, who testified she was only 16 years of age, and the deceased were married about five months previous to the night of the shooting; that on this particular night they had been quarreling; that deceased struck her, after which she, carrying a single-barreled shotgun left the house to go to her father's which was some two miles away; that the deceased, who was trying to make her return to their house, followed her; that at a distance of about two hundred and fifty yards from their house she was heard to say to the deceased: "I will kill you," and immediately (according to the testimony of several witnesses) there was a flash of the gun back toward the deceased; and that the load of shot entered the right leg of deceased half-way between the knee and the foot, and "gas gangrene," a frequent complication of gunshot wounds, developed within a week and he died at a hospital in Dothan, Alabama, before an amputation could be made.

It appears that after the shooting, defendant went to stay the remainder of the night with a friend who testified defendant told her the deceased had hit her with a piece of stove wood and she had shot at him and sprinkled his leg with shot.

The defendant testified that the deceased threatened to kill her and that at the time she told him not to come on her and he then tried to take the gun away from her and that in the struggle for possession, it was accidentally discharged and hit him.

There is some evidence besides that of defendant that they were not far apart when the gun was fired. In fact, the doctor who examined and treated the wound testified that it was large enough that the wadding of the gun was buried in the leg of the deceased; also that a stray shot was found up near the groin and one or two down in his foot.

This somewhat complicates the testimony; for as a matter of common knowledge, it would be almost impossible for a discharged wadding fired at so close range to enter the middle part of the leg and for a shot from the same load to strike near the groin and still others penetrate the foot. Be that as it may, the jury found that the defendant was guilty of manslaughter and we think the testimony amply supports that degree of homicide. In other words, under the evidence and the able charge of the trial court, the jury found that the killing was not excusable or justified.

An intent to kill is not an essential element of manslaughter (Folks v. State, 85 Fla. 238, 95 So. R. 619) and the fact that it did not occur to the defendant that the death of the deceased was a reasonable or probable result of the defendant's assault, does not prevent a conviction of manslaughter. Baker v. State, 30 Fla. 41, 11 So. R. 492.

"Manslaughter" is the killing of a human being by the act, procurement, or culpable negligence of another, in a case where such killing is not justifiable or excusable homi-

cide nor murder. Rivers v. State, 75 Fla. 401, 78 So. R. 343. A conviction of manslaughter for a death from shots caused even by culpable negligence will be sustained. Williams v. State, 89 Fla. 475, 104 So. R. 782.

There being no error, the judgment of the trial court should be affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below should be, and the same is hereby, affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.