172 So.2d 505 (1965)
Herbert D. ANDREWS, Appellant,
v.
STATE of Florida, Appellee.
No. F-392.
District Court of Appeal of Florida. First District.
March 2, 1965.
*506 T. Edward Austin, Jr., Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
STURGIS, Chief Judge.
Appellant was tried by jury, found guilty and convicted of a crime against nature. His points on appeal are: (1) That the jury was prejudiced by the trial judge's interrogation of the witnesses. (2) That it was error to permit the state to present testimony to the effect that subsequent to commission of the crime with which defendant was charged he committed a similar offense on the person of the witness who testified thereto. (3) That it was error to permit the state over objection to elicit from the defendant on cross-examination testimony that defendant had been dishonorably discharged from military service because of homosexual acts.
We find no merit to the grounds for reversal asserted by the first point. The trial judge's interrogation of witnesses was of such nature as to clarify the issues and was conducted within the bounds of his judicial authority. See Clark v. State, 122 Fla. 310, 165 So. 44 (1935), and Williams v. State, 143 So.2d 484 (Fla. 1962).
Appellant's second point is likewise without merit. The general rule in this jurisdiction requires exclusion of collateral evidence that tends to suggest the commission of an independent crime. It has been subordinated, however, to numerous exceptions which permit the use of evidence that tends to prove criminal intent, guilty knowledge, purpose, plan or design, or to show that the act charged was not the result of accident, mistake or inadvertence.
The effect of these broad exceptions has been to effectuate a rule of admissibility, subject only to specific rules excluding such evidence in certain areas that are not germane to the immediate discussion. See Williams v. State, 110 So.2d 654 (Fla. 1962), in which the court stressed the importance of relevancy of the similar fact evidence as regards the factual issue being tried. In that case the defendant was on trial for rape. Evidence was admitted showing that the defendant, some six weeks prior to the rape in question, had attempted to assault another female under similar circumstances. The Florida Supreme Court held such evidence was properly admitted to establish a plan, scheme or design.
In Talley v. State, 160 Fla. 593, 36 So.2d 201 (1948), the prosecution was allowed to elicit the testimony of five women other than the victim, showing that on three occasions prior and two occasions subsequent to the date of the alleged offense, the defendant approached the other women in a manner similar to his approach to the prosecutrix. In Talley the Florida Supreme Court said:
"Evidence of other crimes may be admitted when it tends to establish a common scheme or plan embracing the commission of a series of crimes so related to each other that proof of one tends to prove the other, and to show the defendant's guilt of the crime charged. Subsequent as well as prior *507 collateral offenses can be put in evidence and from such system, identity or intent can often be shown. Like crimes, committed against the same class of persons, at about the same time, tend to show the same general design and evidence of the same is relevant and may lead to proof of identity." (Emphasis supplied.)
In the instant case a witness for the state testified, over objection of the defendant, that defendant had committed homosexual acts on his person a couple of months after the date of the offense for which defendant was on trial. The offense committed on this witness was similar in nature to that committed on the person named in the charge. The testimony concerning the subsequent offense is to the effect that it was committed against a person in an age group comparable to that of the victim named in the charge, at the same place, and under circumstances almost identical to those connected with the offense charged. The similar fact evidence in this cause was clearly relevant in its bearing on the defendant's identity, intent, plan and design, as well as to show lack of inadvertence, and it meets the test of admissibility. See also Norris v. State, 158 So.2d 803 (Fla.App. 1964). The fact that it related to an offense committed shortly after the offense charged does not under the circumstances of this case impair its use.
Turning to appellant's third contention, we hold that it was reversible error to permit the prosecuting attorney, over objection of counsel for appellant, to elicit from the appellant on cross-examination that he had been dishonorably discharged from military service and that the reason for such discharge was his homosexual acts. It is a general rule in criminal cases that the state cannot introduce evidence attacking the character of the accused unless he has first put his good character in issue. See 13 Fla.Jur. 156; 20 Am.Jur. 303.
Proof of an honorable discharge from military service is generally considered inadmissible for proving good character of a defendant in a criminal proceeding. See 9 A.L.R.2d 611. For the same reason evidence of a dishonorable discharge has been held inadmissible to prove bad character. Likewise, evidence of specific bad acts or conduct of a defendant while in the military service which tends to discredit him has been generally considered inadmissible. See 9 A.L.R.2d 613. This is not to say that relevant acts of the defendant during military service may not be shown by the prosecution pursuant to the hereinabove discussed similar-fact rule.
The trial court gave the following instruction to the jury with respect to the testimony thus elicited from the accused, but the charge is incompetent to cure the prejudice which is presumed to have been born as the result of wrongfully bringing out such testimony:
"Now, while the defendant was on the stand I believe some statement was made by him to the effect that he had received a particular type discharge which was for homosexual purposes. Now, this was allowed to go before you, Gentlemen, not that it proves he was guilty of this charge, but only that it affects his credibility as a witness. You are not to judge this case on what may have been the case at the time of his discharge or at the time of his admission. It goes before you as it touches upon his veracity and his truthfulness as a witness and nothing else."
Although the general reputation of a witness for truth and veracity may be shown, it is improper to allow inquiries relative to the general moral character of the witness. Also, evidence of particular acts of misconduct may not be introduced to impeach the credibility of a witness. See 35 Fla.Jur. 316-317; 58 Am.Jur. 392.
Appellee insists that the subject evidence was admissible because the defendant *508 had testified on direct examination that he was engaged as a cook during military service and that his purpose was to produce an inference that he was an unlikely person to commit the crime charged. Appellee's position is entirely too nebulous to form the basis of an exception to the well-established rule.
For the reason stated, the judgment appealed is reversed and this cause is remanded for proceedings consistent herewith.
Reversed.
RAWLS, J., and PATTEN, GEORGE L., Associate Judge, concur.