PEARSON, Judge.
The appellant was found guilty of robbery after a jury trial and sentenced to 25 years in the state prison. On this appeal the only substantial point raised urges that the trial court erred in denying a motion for mistrial.
The following is the background of the motion for mistrial. The appellant was identified as the robber, but witnesses to the crime testified that the robber was a man with black hair. The appellant appeared in court with blonde hair. The state introduced the testimony of a detective who stated he had taken a picture of the appellant on a date prior to the date of the alleged crime and that the appellant’s hair had then been black.
*485 The appellant urges that a mistrial should have been declared because the testimony of the detective indicated that the appellant had had difficulties with the police before his present difficulty and that police pictures had been made of him. He relies upon Jones v. State, Fla.App.1967, 194 So.2d 24. We think the evidence was clearly relevant and was admissible under the holding of the Supreme Court of Florida in Williams v. State, Fla.1959, 110 So. 2d 654. ’
Inasmuch as the law permits the introduction of evidence tending to prove that a defendant was guilty of a separate crime when that evidence is relevant to an issue to be resolved at trial, it cannot be said that the law excludes evidence which is relevant but which might imply some prior contact with the law. A careful reading of Jones v. State, above, will demonstrate that we found the prosecutor’s remark that Jones’s picture was mixed with other mug shots to be equivalent to collateral evidence which tended to suggest the commission of an independent crime and therefore inadmissible. The facts of the instant case distinguish it from the Jones case. The detective’s testimony was not collateral evidence. It was evidence which was introduced to corroborate the testimony of other witnesses that the appellant was the robber. Moreover, the term “mug shot” was never used in the presence of the jury.
The appellant raises three other points. The first goes to the sufficiency of the evidence to sustain the judgment. A review of the record reveals ample testimony to support the jury’s finding as to the commission of the crime and the identity of the appellant as the person who committed the crime. The second and third points are directed to testimony which the appellant urges the court should not have admitted. We hold that the .court did not err in admitting the questioned testimony.
Affirmed.