PIERCE, Chief Judge.
Marianna J. Anthony is the appellant here in an appeal from a judgment of conviction for the offense of manslaughter, entered pursuant to a jury verdict.
Mrs. Anthony was informed against in two counts for the offense of manslaughter involving the death of Kimberly Ann Way, her twelve year old daughter, who was riding as a passenger in a Volkswagen automobile being driven by her mother. The accident happened on October 4, 1969, on U. S. Highway # 19, a divided four lane highway in Pinellas County, as she was driving southward approaching the intersection of U. S. #19 with Roosevelt Boulevard. The first count charged that Kimberly Ann’s death was caused by the culpable negligence of Mrs. Anthony in driving the automobile and the second count charged that the death was due to the operation of the car by Mrs. Anthony while she was intoxicated. She was found guilty by the jury, and upon being so ad *601 judged by the Court she was sentenced to a term of imprisonment.
From such judgment she appeals to this Court and assigns as error the eliciting by the State from Mrs. Anthony on cross-examination, over objection, that she had once been hospitalized at Avon Park (impliedly for alcoholism) some two and a half years before the accident, without any evidence of any continuing alcoholism after her release; and also that three years before she had been in a hospital at Arcadia for “her nerves”. Other points were raised on the appeal, but it is unnecessary here to consider the same because in our opinion the conviction is infected with reversible error because of the prejudicial admission of the evidence aforesaid.
In addition to the foregoing facts as to the fatal accident itself, the State’s evidence established that, at the time and place before stated, Mrs. Anthony had just passed some other cars when she suddenly cut her Volkswagen sharply to the left about 800 feet from the nearest intersection. The car struck the end of a highway median, flipped over in the air, bounced once, flipped again, then fell over in the northbound lane. While in the air on the first flip her daughter, Kimberly Ann, was thrown out of the car, hit the pavement, then was struck by her mother’s own car. The daughter died later from the accident and Mrs. Anthony was also hospitalized for her injuries.
About four hours after the accident, laboratory technician Stone drew a sample of blood at the hospital from Mrs. Anthony, which blood when analyzed by a State Chemist was determined to contain a percentage of alcohol which, based upon expert knowledge, indicated intoxication. Deputy Sheriff Kevas, who happened to be passing by and observed the accident, testified that Mrs. Anthony was driving southward on the inside or passing lane, had just passed two cars, and was driving at an estimated 60 miles per hour in a 45 m.p.h. zone. He also stated that after the accident he smelled alcohol on her breath, as did Trooper Wigglesworth.
If the State had stopped there, its case, assuming there was a conviction, would probably not now be in jeopardy. But the strategists for the State insisted on “over-prosecuting” the case by eliciting through her on cross-examination over vigorous objection an alcoholic hospitalization two and a half years before the accident in question and, even more remotely, a hospitalization “for her nerves” three years before. The latter episode was not shown to have involved alcohol, and neither hospitalization was shown to have been related to the driving of a car.
The State argued below, and argues here, that the hospitalization evidence was admissible against Mrs. Anthony under the so-called Williams Rule, Williams v. State, Fla.1959, 110 So.2d 654, which held generally that “evidence of any facts relevant to a material fact in issue except where the sole relevancy is character or propensity of the accused is admissible unless precluded by some specific exception or rule of exclusion”, text 663. The rationale of Williams was discussed by this 2nd District Court at length in Green v. State, Fla.App.1966, 190 So.2d 42, and in the later case of Winkfield v. State, Fla.App.1968, 209 So.2d 468. In Green we said that—
* * as we read Williams, the essential characteristics of evidentiary admissibility have not been materially altered. Evidence of other offenses which was admissible before Williams has been generally held admissible since Williams, and will undoubtedly continue so to be held in the future; and vice versa as to inadmissibility.
We analyze Williams to mean that evidence of other offenses is admissible if—
—it is relevant and has probative value in proof of the instant case or some material fact or facts in issue in the instant case; and
*602 —its sole purpose is not to show the bad character of the accused; and
—its sole purpose is not to show the propensity of the accused to commit the instant crime charged; and
—its admission is not precluded by some other specific exception or rule of exclusion.
Thus, evidence would now be admissible as meeting the foregoing test flowing from Williams which, prior to Williams, was held admissible under one or more of the then recognized exceptions to the then general rule of exclusion. Examples are: where such evidence of another or similar crime is admissible to prove identity, Thomas v. State, 1938, 132 Fla. 78, 181 So. 337; Kennedy v. State, 1939, 140 Fla. 124, 191 So. 193; Licht v. State, Fla.App.1963, 148 So.2d 295; or to prove motive, pattern or intent, Hutchinson v. State, Fla.App.1958, 102 So.2d 44; Shargaa v. State, Fla.App.1958, 102 So.2d 814; or to show a common scheme or design, Talley v. State, 1948, 160 Fla. 593, 36 So.2d 201; or to show guilty knowledge, Langford v. State, 1894, 33 Fla. 233, 14 So. 815; or where it is impossible to give a complete or intelligent account of the crime charged without referring to the other crime, Nickels v. State, 1925, 90 Fla. 659, 106 So. 479; or where it is part of the res gestae, Kennedy v. State, 1939, 140 Fla. 124, 191 So. 193; or where it tends to disprove a defense of alibi, Thomas v. State, 1938, 132 Fla. 78, 181 So. 337; or to disprove unlawful entrapment, Ybor v. United States, 5 Cir. 1929, 31 F.2d 42; or to disprove a defense of accident, mistake or inadvertence, Andrews v. State, Fla.App.1965, 172 So.2d 505; Talley v. State, supra. Evidence tending to prove the various foregoing elements was held to render admissible as exceptions evidence of independent crimes in the respective cases cited, and such evidence would undoubtedly meet the tests now prescribed for relevancy in Williams.” (Emphasis in text).
Applying the foregoing yardstick, evidence of another or similar offense has been held admissible to prove identity— Thomas v. State, 1938, 132 Fla. 78, 181 So. 337; Kennedy v. State, 1939, 140 Fla. 124, 191 So. 193; Licht v. State, Fla.App.1963, 148 So.2d 295 — or to prove intent, motive or pattern — Hutchinson v. State, Fla.App.1958, 102 So.2d 44; Shargaa v. State, Fla. 1958, 102 So.2d 814 — or to show a common scheme or design, Talley v. State, 1948, 160 Fla. 593, 36 So.2d 201 — or to show guilty knowledge, Langford v. State, 1894, 33 Fla. 233, 14 So. 815 — or to show absence of mistake, Harris v. State, Fla.App.1966, 183 So.2d 291 — or to show a system of general pattern of criminality, Norris v. State, Fla.App.1963, 158 So.2d 803 — or to show that the act charged was not the result of accident, mistake or inadvertence, Andrews v. State, Fla.App.1965, 172 So.2d 505 — or where it is a part of the res gestae, Kennedy v. State, supra — or where it tends to disprove a defense of alibi, Thomas v. State, 1938, 132 Fla. 78, 181 So. 337; Green v. State, Fla.App.1966, 190 So.2d 42 —or to disprove unlawful entrapment, Ybor v. United States, 5 CCA 1929, 31 F.2d 42.
But where such extraneous and unconnected offense is not shown to come within one or more of the foregoing categories, or where its sole purpose is to show the bad character of the accused or his propensity to commit the instant crime charged, or where its admission is precluded by some other specific exception or rule of exclusion, then such evidence is not admissible. Green v. State, supra, text 190 So.2d 46. As said by our Supreme Court in Williams, supra, “the matter of relevancy should be carefully and cautiously considered by the trial judge”, and we might add, not any less so at the appellate level.
In the light of all the foregoing authorities, we hold that evidence of Mrs. Anthony’s alcoholic hospitalizations some 30 months and 36 months respectively was *603 improperly admitted over her objection and was prejudicial to a fair trial.
In the first place, it was too remote in point of time in the absence of some interim connection or continuity. Gluck v. State, Fla.1952, 62 So.2d 71; People v. Donaldson, 130 Cal.2d 250, 278 P.2d 739; State v. DePauw, 246 Minn. 91, 74 N.W.2d 297; People v. Rutman, 260 App.Div. 784, 24 N.Y.S.2d 334; State v. Moubray, 139 W.Va. 535, 81 S.E.2d 117; State v. Jenkins, 203 Kan. 354, 454 P.2d 496; State v. Sorenson, 270 Minn. 186, 134 N.W.2d 115; Riley v. State, (Miss.) 180 So.2d 321; State v. Hopkins, 117 Ohio App. 48, 189 N.E.2d 636.
In the second place, the extraneous and remote hospitalization evidence came within none of the categories hereinbefore stated to sustain admissiblity. The evidence could not prove or tend to prove intent, motive or pattern, and indeed such elements formed no part of the offense of manslaughter for which Mrs. Anthony was being tried. See Folks v. State, 1923, 85 Fla. 238, 95 So. 619; Gainer v. State, 1930, 100 Fla. 164, 129 So. 576; Bess v. State, 1941, 146 Fla. 562, 1 So.2d 580; Freeman v. State, Fla.App.1957, 97 So.2d 633; Covington v. State, Fla.1941, 200 So. 531; Savage v. State, 1943, 152 Fla. 367, 11 So.2d 778; Tipton v. State, Fla.1957, 97 So.2d 277; Sinnefia v. State, Fla.App.1957, 100 So.2d 837. Nor was the evidence admissible to show a common scheme or design or guilty knowledge for the same reasons it was not admissible to show intent or motive. Nor was it admissible to prove identity because there was no denial that she was driving the car that caused her daughter’s death. It was not part of the res ges-tae because the extraneous evidence happened several years before. It did not tend to disprove a defense of alibi or unlawful entrapment because such defenses had no part in the case. And it was not admissible to disprove any defense of accident, mistake or inadvertence for the same reason.
We have had occasion in the past to remind trial Courts of the necessity of exercising caution in admitting evidence of extraneous and disconnected offenses not clearly relevant to the facts in the case being tried. Winkfield v. State, Fla.App. 1968, 209 So.2d 468; Green v. State, supra; Dixon v. State, Fla.App.1966, 191 So.2d 94; Harris v. State, Fla.App.1966, 183 So.2d 291; San Fratello v. State, Fla.App.1963, 154 So.2d 327; Sciortino v. State, Fla.App.1959, 115 So.2d 93; Wilson v. State, Fla.App.1965, 171 So.2d 903; Farnell v. State, Fla.App.1968, 214 So.2d 753; Sikes v. State, case No. 69-299, opinion filed March 10, 1971, but not yet published, and Christie v. State, Fla.App., 246 So.2d 605, opinion filed April 7, 1971, but not yet published. And our sister appellate Courts have likewise held. Steppe v. State, Fla.App.1967, 193 So.2d 617; Hooper v. State, Fla.App.1959, 115 So.2d 769; Jones v. State, Fla.App.1967, 194 So.2d 24; Horner v. State, Fla.App.1963, 149 So.2d 863; Jordan v. State, Fla.App.1965, 171 So.2d 418; Andrews v. State, Fla.App.1965, 172 So.2d 505; and Norris v. State, Fla.App.1963, 158 So.2d 803.
We are again reminded of the pertinent observation of the late Justice Cardozo of the U. S. Supreme Court in Shepard v. United States, 290 U.S. 96, 54 S.Ct. 22, 78 L.Ed. 196, that—
“It is for ordinary minds, and not for psychoanalysts, that our rules of evidence are framed. They have their source very often in considerations of administrative convenience, of practical expediency, and not in rules of logic. When the risk of confusion is so great as to upset the balance of advantage, the evidence goes out.”
For the error pointed out, the judgment appealed is—
Reversed and remanded for a new trial.
HOBSON and MANN, JJ., concur.