257 So.2d 261 (1971)
Bernice LUCAS, Appellant,
v.
STATE of Florida, Appellee.
No. O-25.
District Court of Appeal of Florida, First District.
November 9, 1971.
Ernest D. Jackson, Sr., Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
*262 RAWLS, Acting Chief Judge.
Appellant-defendant appeals from a conviction of performing an abortion. Appellant's primary point on appeal involves the admissibility of testimony relating similar facts tending to prove that defendant committed separate crimes. Evidence adduced at trial pertaining to this issue is as follows:
On December 22, 1969, one Linda Scott (the victim) was seeking an abortion. She met a third person in a bar and the two of them proceeded to a nearby motel. Defendant arrived a few minutes later carrying a brown paper bag. She then attempted to cause the victim to abort by the method of inserting a catheter into the victim's uterus. The victim was told to return home and that she would abort within 24 hours. Abortion did not follow so the victim again met defendant at a different motel nine days later. Defendant performed the same procedure as before and left but returned a few minutes later accompanied by two police officers. She had been stopped in the parking lot by the police who told her they suspected that an abortion had been performed and asked her to accompany them back to the motel room, where she was informed of her rights. The victim and defendant were both questioned and both admitted that the defendant had performed an abortion on the victim. The defendant was arrested, and a speculum, two catheter tubes and a sponge clamp were recovered from her purse. The victim was taken to the Medical Examiner's office where she was given antibiotics and a catheter was removed from her uterus. Several days later she aborted a fetus. Defendant later signed a written confession admitting performance of the abortion.
Following all the above testimony the State then found it necessary to introduce the testimony of two other witnesses who claimed that defendant had performed abortions on them in the same manner on different dates. One of these witnesses claimed to have gone to defendant's home on February 6, 1970, wherein defendant had attempted to perform an abortion on her by the same procedure. The abortion had again been unsuccessful and this witness claimed she then developed infection, chills and fever, and had to spend around 12 days in the hospital as a result of the attempted abortion. Another witness testified that defendant had performed an abortion on her in the same manner on March 7, 1970.
The State relies on Williams v. State[1] to support its position that the testimony of the above two witnesses was admissible because any evidence relating similar facts, even though it may point to the commission of a separate crime, is admissible in a criminal trial if relevant for any purpose save that of showing bad character or propensity to commit a crime. The appellate courts have repeatedly been called upon to deal with problems arising from this interpretation of Williams. Repeatedly, they have pointed out that Williams does not open the door for the State to present evidence of other criminal activities of the defendant not sufficiently related to the crime charged. An excellent discussion of the purpose of the Williams exception is to be found in Green v. State.[2] As pointed out in Green, evidence of other offenses is admissible to prove identity, to show a common scheme or design, to show guilty knowledge, to prove intent, motive or pattern, to show absence of mistake, to show a system of general pattern of criminality, to disprove an alibi, to disprove unlawful entrapment, or as part of the res gestae. This interpretation of Williams has been followed in numerous other cases. Winkfield v. State;[3] and Anthony v. State.[4] *263 As pointed out in the recent case of Reyes v. State,[5] "The key word contained in Williams is `relevant'. * * *" Relevancy is absent in the instant case. The evidence presented by the additional witnesses serves none of the above enumerated purposes. As always, "Such evidence must be excluded if it has no direct bearing in proof of the instant case and where the only probative value is to prove or tend to prove a wholly extraneous offense."[6]
In this jurisdiction a citizen accused of committing a crime, no matter how heinous or reprehensible it may be in the eyes of society, is entitled to be informed as to the nature of the charge against him and afforded an opportunity to prepare his defense prior to being put to trial. The comment of Judge Wigginton in Abram v. State[7] is again most applicable:
"* * * We reach this conclusion with considerable reluctance because the record reflects overwhelming eyewitness testimony establishing defendant's guilt of the crime charged. The purported confession made by him was merely cumulative and added little if anything to the evidence already adduced concerning defendant's guilt. Under the circumstances we find it most difficult to understand why the prosecuting officer was willing to incur the risk of reversal by insisting upon the admission into evidence of the illegal confession * * * in view of the highly questionable necessity for doing so. By taking such risk, the expense of the initial trial has been wasted and the time of the trial court and this court in considering this case has been needlessly encumbered. The necessity for reversing convictions of this kind in order to assure compliance with the technical requirements of law causes consternation among laymen and brings the entire judicial system into disrepute. It is to be hoped that instances such as this will be avoided in the future by those charged with the prosecution of crime in our state."
Reversed with directions to grant a new trial.
JOHNSON, J., and McLANE, RALPH M., Associate Judge, concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla. 1959).
[2] Green v. State, 190 So.2d 42 (Fla.D.C.A. 2d, 1966).
[3] Winkfield v. State, 209 So.2d 468 (Fla. D.C.A.2d, 1968).
[4] Anthony v. State, 246 So.2d 600 (Fla. D.C.A.2d, 1971).
[5] Reyes v. State, 253 So.2d 907 (Fla.App. 1st, 1971).
[6] Green v. State, 190 So.2d 42, 45 (Fla. D.C.A.1st, 1968).
[7] Abram v. State, 216 So.2d 498, 500 (Fla. D.C.A.1st, 1968).