MANN, Chief Judge.
The evidence against Milton is tenuous. A police informer and a deputy sheriff disguised as a heroin customer picked up a woman who was a heroin addict. Milton, she testified, came along for the ride, to get from where they were to Belmont Heights. There is sufficient evidence that in Belmont Heights a sale of heroin took place, but the evidence links the woman to the transaction positively and Milton only circumstantially. If the sole question presented was that of the sufficiency of evidence, we would affirm. The deputy sheriff stated to the jury that Milton commented on the heroin dealer with whom the woman transacted business as a person of good character who would “not sell you milk sugar” as heroin. If the evidence were fairly presented the jury would be entitled to believe that Milton knew a lot more about the heroin traffic than he professed to know. Unfortunately, the deputy sheriff gratuitously stated to the jury that Milton “stated at that time that there was a couple of warrants for him. And I think it was shoplifting and . . . ” At this point an objection was made and sustained. The jury was admonished to disregard that part of the deputy’s testimony.
The problem is that where the evidence of guilt is marginal a comment of this type, which an experienced officer should know better than to introduce before the jury, may have been the factor responsible for the guilty verdict. The discussion of warrants outstanding against Milton was uncalled for and requires a new trial. See Anthony v. State, Fla.App.2d 1971, 246 So.2d 600.
Reversed and remanded.
McNULTY and GRIMES, JJ., concur.