DANAHY, Judge.
The motion for rehearing by appellee is granted in part and it is therefore OR *1308 DERED that the opinion filed by this court on June 28, 1978 is withdrawn and the following opinion is substituted in lieu thereof.
Appellant asks us to reverse his conviction for third degree murder because much of the evidence introduced against him was in violation of the Williams Rule. After extensive examination of the briefs, the record, and additional research materials, we conclude that we must grant his request.
The Sarasota Grand Jury indicted appellant on a charge of first degree murder in the death of Hazel Brown. At trial, the state developed its case on the theory of felony murder. The testimony of four witnesses, two bystanders and two companions of appellant, demonstrated that Mrs. Brown, who was eighty-six years old, was walking home from a store with a bag of groceries in her arms when a car pulled up beside her. Appellant stepped quickly from the car and grabbed Mrs. Brown’s purse. He then returned to his seat and the car drove off. In the scuffle over her bag, Mrs. Brown fell and was injured. She subsequently died as a result of these injuries.
Appellant took the stand and testified in his own behalf. He admitted snatching the purse from Mrs. Brown, but he said that he never touched her and that she was still standing when he got back into the car.
In addition to the evidence of the crime with which it charged appellant, the state presented evidence of two separate criminal episodes in which appellant was involved. Appellant’s two companions, Sharon Kent and Elizabeth Poppell, testified that just prior to the purse snatching incident, appellant had attempted to steal money from an elderly resident of the retirement community where the two girls worked. Elizabeth Poppell and her husband also testified that earlier that same morning, appellant forged a check which he had found at a laundromat and attempted unsuccessfully to cash it at several banks.
Appellant objected to the introduction of the testimony concerning the retirement center and check cashing incidents, and the trial court overruled his objections. While we have very serious reservations about the injection of the retirement community incident into the trial, we will not consider it further because we hold that the introduction of evidence of the check cashing incident was error.
We begin our analysis as we do with all similar situations with Williams v. State, 110 So.2d 654 (Fla.1959). In Williams, the supreme court held that the state may introduce evidence of collateral crimes when it is relevant to any issue at trial other than character or propensity to commit crime. In other words, collateral crimes may be used to prove such things as identity, motive, intent, or guilty knowledge, or to show a continuing scheme or plan or a lack of accident or mistake. Whiteman v. State, 343 So.2d 1340 (Fla.2d DCA 1977); Green v. State, 190 So.2d 42 (Fla.2d DCA 1966).
Turning to the case at bar, we find that the introduction of the testimony concerning the check cashing incident was a flagrant violation of the Williams Rule. The only issues to which this evidence could have had any conceivable relevance were appellant’s character and propensity to commit crimes. Accordingly, the testimony was inadmissible.
It is clear that what we have said mandates a reversal. This is an unfortunate result in light of the fact that the evidence against appellant was so clear. However, we cannot condone prosecutorial overkill. The state may only prosecute a defendant for a crime with which it has charged him. As the court said in Lucas v. State, 257 So.2d 261, 263 (Fla.1st DCA 1971),
In this jurisdiction a citizen accused of committing a crime, no matter how heinous or reprehensible it may be in the eyes of society, is entitled to be informed as to the nature of the charge against him and afforded an opportunity to prepare his defense prior to being put to trial.
*1309 We reverse appellant’s conviction and remand the case for a new trial.
HOBSON, Acting C. J., and SCHEB, J., concur.